UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM MCBROOM STEES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:14-cv-00133-GZS |
| | ) |
| GUARD, MAINE STATE PRISON, | ) |
| et als., | ) |
| | ) |
| Defendants | ) |

**ORDER ON PLAINTIFF'S OBJECTION TO SCHEDULING ORDER
AND RECOMMENDED DECISION ON DEFENDANT'S
MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**

In this action, Plaintiff William McBroom Stees, an inmate at the Maine State Prison proceeding *pro se*, maintains that he was wrongly placed in maximum security for a period of three months. (ECF No. 1.) The sole Defendant is David Allen of the Maine State Prison.[1]

The matter is before the Court on Defendant Allen's Motion to Dismiss and Motion for Summary Judgment (ECF No. 33).[2] Plaintiff did not file a formal opposition to Defendant's motion, but requested that the Court amend its Scheduling Order to permit him to prosecute his claim after his release from prison. Plaintiff's request, captioned a Motion to Amend the Scheduling Order (ECF No. 30), is also pending.

As explained below, following a review of the pleadings, and after consideration of Defendant's Motion and Plaintiff's request, I deny Plaintiff's Motion to Amend Scheduling Order, and recommend that the Court deny Defendant's Motion to Dismiss and Motion for Summary Judgment.

---

[1] The Court dismissed the other named defendants on September 30, 2014. (ECF No. 28.)

[2] The Court referred the motion for report and recommended decision.

## THE PLEADINGS

In his initial filing, entered on the docket on March 31, 2014, Plaintiff asserted a claim for wrongful placement in maximum security, 24-hour lock down for a period of three months. (Complaint, ECF No. 1.) In a later filing, entered June 25, 2014, Plaintiff stated that more recently he had been housed in B-wing and C-wing, and was subsequently transferred to the Cumberland County Jail. According to Plaintiff, he also spent time in "IMHU" (presumably a mental health placement) after cutting himself.[3] (To Whom It May Concern Letter, ECF No. 16.)

On July 17, 2014, Plaintiff filed additional correspondence (ECF No. 21) in response to the Court's Show Cause Order of July 7, 2014 (ECF No. 20). In that filing, Plaintiff represented that he wanted to amend his complaint to specify that his claim against Defendant Allen is for excessive cell searches and strip searches, which allegedly occurred every time he left his cell for a shower or for court. (ECF No. 21.)

Following the Court's issuance of its Scheduling Order (ECF No. 29) in October, Plaintiff wrote that he could not obtain discovery, certain consent forms[4] or counsel while in jail, and thus he requested that the dates in the scheduling order "be pushed back" until after his release from prison.[5] Plaintiff's filing was entered on the docket as Plaintiff's Motion to Amend the Scheduling Order (ECF No. 30). In his opposition to Plaintiff's motion, Defendant argued that the delay would

---

[3] Although Plaintiff's letters are not the kind of proper pleadings the Court would expect from attorneys, supplemental filings often help to clarify what inferences and legal theories are potentially available to a *pro se* plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 330 & n.9 (1989).

[4] Evidently, Plaintiff was concerned about obtaining a consent form authorizing proceedings before a magistrate judge. (See ECF No. 31.)

[5] On January 16, 2015, this Court entered its Judgment on the docket, convicting Plaintiff of the charge of Interstate Stalking and sentenced Plaintiff to 46 months imprisonment. *United States v. McBroom-Stees*, No. 2:14-cr-00078-NT.

be unduly long, and that there was no basis from which to conclude that discovery would not be possible while Plaintiff was incarcerated. (ECF No. 35.)

On October 27, 2014, Defendant filed his Motion to Dismiss and Motion for Summary Judgment (ECF No. 33). In the motion, Defendant argues that dismissal is warranted because Plaintiff complains of emotional injury, but has not alleged any physical injury as required by 42 U.S.C. § 1997e(e). Defendant also contends that he is entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies.

Plaintiff failed to file a response within the standard deadline for responding to a dispositive motion. In a filing that was entered on the docket on November 17, 2014, however, Plaintiff suggested that the timing of his receipt of mail did not permit him to timely file a response. He also asserted that he was never told about the grievance process, was never before in prison, and never received any materials related to the grievance process. Additionally, Plaintiff stated that he attempted suicide by cutting his arm through the veins due to the stress of the prolonged lock down, that he has severe back damage from his military service in Afghanistan, and that he has experienced physical pain due to the quality of the bedding provided at the Maine State Prison. Finally, Plaintiff stated that a corrections officer injured his elbow by overextending Plaintiff's arms while he was handcuffed. (ECF No. 36.)

## SUMMARY JUDGMENT FACTS

The following facts are derived from Defendant's Local Rule 56 statement of material facts (ECF No. 34) and are supported by citation to the Affidavit of Wendell Atkinson (ECF No. 34-1) and a copy of the Maine Department of Corrections Prisoner Grievance Policy (ECF No. 34-2).

3

1. Plaintiff was incarcerated at the Maine State Prison from December 12, 2013, to May 27, 2014. Plaintiff was a pre-trial detainee transferred from the Knox County Jail as a safe keeper due to his being a security risk that the jail could not deal with.

2. The Department of Corrections has a grievance policy (Policy 29.1) that covers prisoner grievances having to do with claims arising from the conditions of confinement. This grievance policy was in effect during the time that Plaintiff was at the Maine State Prison.

3. There is no record that Plaintiff filed any grievances during the time he was incarcerated at Maine State Prison.

## DISCUSSION

### A. Plaintiff's Motion to Amend the Scheduling Order

As mentioned above, Plaintiff requests that the Court defer discovery until after he is released from prison. In essence, Plaintiff requests a stay of this matter. Not infrequently, incarcerated individuals effectively prosecute civil actions in this Court. The mere fact that Plaintiff is incarcerated does not justify the entry of a stay. Plaintiff's motion, therefore, is denied.

### B. Defendant's Motion to Dismiss

Defendant argues that dismissal is appropriate because Plaintiff seeks to recover damages for emotional distress, but he has not alleged a physical injury as required by 42 U.S.C. § 1997e(e). (Motion to Dismiss and Motion for Summary Judgment at 3.) Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."

In this case, Plaintiff alleges that as the result of the stress of wrongful placement, he attempted suicide. Courts are divided as to whether attempted suicide satisfies the physical injury

4

requirement. *See Lopes v. Beland*, No. 1:11-CV-12063, 2014 WL 1289455, at *11 (D. Mass. Mar. 29, 2014) (Casper, D.J.) (denying motion to dismiss on this basis and citing cases). The conclusion of the court in *Lopes*, which court cited with approval the reasoning of the court in *Arauz v. Bell*, 307 Fed. App'x 923, 929 (6th Cir. 2009) ("by definition, attempting suicide involves hurting oneself, and we can presume the existence of some physical injury from [the petitioner's] statement that he attempted to commit suicide"), is sound. Plaintiff's alleged attempted suicide thus satisfies the physical injury requirement of section 1997e(e).

Furthermore, Plaintiff has alleged other physical injury in addition to the self-inflicted injury. In Plaintiff's various filings, Plaintiff asserts that he suffered an injury to his elbow due to an encounter with a corrections officer, and that he aggravated a back impairment as the result of the conditions of confinement. At this stage of the proceedings, therefore, Plaintiff has sufficiently alleged facts to satisfy the physical injury requirement of section 1997e(e).

**C.     Defendant's Motion for Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir.1998)).

Pursuant to 42 U.S.C. § 1997e(a): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted." Failure to exhaust administrative remedies is an affirmative defense for which Defendant bears the burden of proof. *Jones v. Bock*, 549 U.S. 199, 216 (2007). To satisfy that burden, Defendant must establish "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir.) (en banc), *cert. denied sub nom. Scott v. Albino*, 135 S. Ct. 403 (2014). Thereafter, Plaintiff must present evidence that demonstrates "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

The undisputed evidence establishes (1) that Defendant maintained a policy that affords administrative review of grievances regarding conditions of confinement, and (2) that Defendant has no record of a grievance filed by Plaintiff. Defendant, however, has not supplied any evidence to establish that Plaintiff was advised of or otherwise had knowledge of the grievance procedure. As part of his burden to establish that Plaintiff failed to exhaust his administrative remedies, Defendant must demonstrate that Plaintiff was aware of the grievance procedure. [6] On this record, one cannot conclude that Plaintiff had knowledge of the grievance procedure. [7] *Ponte v. Steelcase*

---

[6] *See Wade v. Lain*, No. 2:11-cv-00454, 2012 WL 3044247, at *3 (N.D. Ind. July 24, 2012) ("Prison administrators are responsible for making inmates aware of the grievance process before they may employ the PLRA as a defense."); *Fobbs v. Davis*, No. 3:11-cv-00700, 2012 WL 3683523, at *3 (Apr. 2, 2012) *report and recommendation approved,* 2012 WL 3683500 (M.D. La. Aug. 24, 2012) (describing defendant's summary judgment burden as including a showing that "the plaintiff was, or should have been, aware that he was required to" use administrative procedures); *Namauu v. Rosen*, No. 1:10-cv-00475, 2011 WL 1467802, at *4 (D. Haw. Apr. 15, 2011) (describing defendant's "prima facie burden" to include evidence that the plaintiff was aware of policy and its requirements); *Hall v. Sheehan*, No. 1:00-cv-01649, 2001 WL 111019, at *2 (N.D. Ill. Feb. 2, 2001) ("To be entitled to judgment on grounds of non-exhaustion, defendants would need to establish that the grievance procedure was posted in such a manner that Hall could reasonably be expected to see it, or that Jail employees explained the procedure to him."); *but see also Castillon v. Corr. Corp. of Am.*, No. 1:12-CV-00559, 2013 WL 2446480, at *10 (D. Idaho June 4, 2013) ("To be clear, the Court does not mean to imply that it is Defendant's burden to show that the inmates were aware of the grievance procedure in place.") (citing *Albino*, 697 F.3d at 1032, for the proposition that "defendant's initial burden is simply to show that a grievance process existed and the plaintiff did not follow it").

[7] Although the Court could arguably forgive Plaintiff's non-compliance with Local Rule 56, *Crowley v. L.L. Bean, Inc.,* 361 F.3d 22, 25 (1st Cir. 2004), Plaintiff's representation that he was never informed of any grievance policy is neither sworn nor subscribed to in accordance with that statutory alternative to the oath, 28 U.S.C. § 1746. Therefore, the representation should not be relied on in the context of a summary judgment analysis. Fed. R. Civ. P. 56(c); *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 689 (1st Cir. 1993). Plaintiff's assertion is also inconsistent with Plaintiff's representation in his complaint that "I asked for grievances to fill out

*Inc.*, 741 F.3d 310, 319 (1st Cir. 2014) (courts must draw all inferences in favor of the non-movant). The record, therefore, contains a genuine issue as to Defendant's affirmative defense. Accordingly, Defendant is not entitled to summary judgment on that basis. *See, e.g., Rankin v. Right on Time Moving & Storage, Inc.*, No. CIV. 01-45-B-K, 2002 WL 453245, at *8 (D. Me. Mar. 25, 2002) (denying summary judgment on an affirmative defense where a question of material fact had to be resolved in favor of the non-movant based on inference); *Brown v. Manchester*, 384 A.2d 449, 453 (Me. 1978) (McKusick, C.J.) ("Defendant, having pleaded the release as an affirmative defense and later having moved for summary judgment on that ground, bore the burden of negating all material inferences from the pleadings contrary to his position.").

## CONCLUSION

Based on the foregoing analysis, Plaintiff's Motion to Amend the Scheduling Order (ECF No. 30) is denied. In addition, the recommendation is that the Court deny Defendant's Motion to Dismiss and Motion for Summary Judgment (ECF No. 33).[8]

## NOTICE

> Any objection to this Recommended Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72. With respect to the order on the Motion to Amend the Scheduling Order, a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).

---

which I did and they were dismissed and ignored." (ECF No. 1.) Given Plaintiff's conflicting representations, one cannot conclude at this stage of the proceedings whether Plaintiff was aware of the grievance procedure.

[8] Because the summary judgment record does not conclusively establish whether Plaintiff has exhausted his administrative remedies, the recommendation is that the Court conduct an evidentiary hearing to determine whether Plaintiff properly exhausted his claims. *See Albino,* 747 F.3d at 1170–71 ("If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue."); *Messa v. Goord,* 652 F.3d 305, 310 (2d Cir. 2011) ("[T]he Seventh Amendment does not guarantee a jury trial on factual disputes regarding administrative exhaustion under the PLRA."); *Dillon v. Rogers,* 596 F.3d 260, 272 (5th Cir. 2010) ("Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, we conclude that judges may resolve factual disputes concerning exhaustion without the participation of a jury."); *Goodwin v. Medpro Assocs.*, No. 1:12-CV-00371, 2014 WL 4437546, at *6 (D. Me. Sept. 9, 2014) (same).

With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of January, 2015.