UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM MCBROOM STEES,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> GUARD, MAINE STATE PRISON,  ) <br> ) <br> ) <br> Defendant.  ) | Docket no. 1:14-cv-133-GZS |

## ORDER FOLLOWING HEARING[1]

On July 28, 2015, the Court held an evidentiary hearing in this case to accept evidence on a single question: Whether Plaintiff was advised of the grievance procedure or otherwise had knowledge of the grievance procedures available at the Maine State Prison during the time of his incarceration at this facility?

**I.   FINDINGS OF FACT**

Beginning in December 2013, William McBroom Stees was held at Maine State Prison ("MSP"). Upon arrival at MSP, McBroom Stees was not placed in the general prison population. Rather, he was placed in the special management unit, also known as the SMU. (See Hearing Ex. 6.) McBroom Stees was placed in the SMU because he was designated as a "safe keeper." (See Hearing Ex. 7.) A "safe keeper" is someone sent to the prison for safe-keeping prior to trial usually because of the need for higher security.

---

[1] Plaintiff William McBroom Stees appeared at this hearing via videoconference from USP Leavenworth. Copies of all exhibits presented at the hearing were provided to Plaintiff prior to the hearing and were available to him during the hearing.

Shortly after arriving at MSP, on December 13, 2013, McBroom Stees signed a document acknowledging that he had "received and read the Maine State Prison Prisoner Handbook."[2] (Hearing Ex. 4.) This signed acknowledgment would have been obtained in accordance with the general procedure at MSP, which is for the intake officer to provide arriving prisoners with a copy of the Maine State Prison Prisoner Handbook (Hearing Ex. 3) and have the prisoner sign a form acknowledging receipt of the Handbook.

David Allen, who testified at the hearing, was the unit manager of the SMU when McBroom Stees was housed in the unit. Allen explained that while there are some restrictions on what property a prisoner can keep in the SMU, one of the objects the prisoner is allowed to possess is the Handbook. The Handbook contains the prison grievance procedure, which was in effect at least from December 2013 through the spring of 2014.[3] Despite McBroom Stees' status as a "safe keeper," he had the same grievance rights as regular prisoners.

When a prisoner is placed in the SMU, prison officials review his status there on a regular basis. Those review policies are set forth in Hearing Exhibit 5. Prisoner are generally advised that they have the right to appeal placement in a segregation unit. This right to appeal is reasserted to the prisoner after each reassessment hearing. McBroom Stees' placement in segregated status was reviewed on December 12, 2013 (Hearing Ex. 6), December 14, 2013 (Hearing Ex. 7), December 17, 2013 (Hearing Ex. 8), December 27, 2013 (Hearing Ex. 9), January 1, 2014 (Hearing Ex. 10), January 10, 2014 (Hearing Ex. 11), January 18, 2014 (Hearing Ex. 12), January 22, 2014 (Hearing Ex. 13), January 29, 2014 (Hearing Ex. 14), February 6, 2014 (Hearing Ex. 15), March 5, 2014

---

[2] To the extent that McBroom Stees testified that the signature on Exhibit 4 is not his signature, the Court finds this testimony is not credible and that the signature on Exhibit 4 matches other examples of his signature found in the record. The Court also notes that Wendell Atkinson credibly testified that he located Exhibit 4 in the McBroom Stees administrative file.

[3] In addition to the Handbook (Hearing Ex. 3), the grievance procedure is also detailed in Hearing Exhibit 2.

(Hearing Ex. 16), and April 6, 2014 (Hearing Ex. 17).  The review minutes from each of these reviews indicates that McBroom Stees was informed of the decision and/or attended the review.  Additionally, the review minutes indicate that McBroom Stees was informed of his right to appeal.  Most of the review minutes indicate that McBroom Stees "waived" this right of appeal.  (See Hearing Exs. 8, 10, 12, 14, 15, 16 & 17.)  However, the review minutes from January 10th & 22nd have the "did not waive right" box checked with respect to appeal.  (See Hearing Ex. 11 & 13.)  The final review minutes admitted into the record are dated April 29, 2014 and indicate that McBroom Stees was removed from segregated status and then housed in the intensive mental health unit.  (See Hearing Ex. 18.)

Wendell Atkinson served as the accreditation manager and grievance review officer at the MSP while McBroom Stees was held there.  Atkinson credibly testified that he reviewed the administrative records kept in the ordinary course of business at the MSP and found no grievances that were ever filed by McBroom Stees.  Ultimately, the evidence reflects that McBroom Stees was provided the Handbook and informed of his rights to appeal on multiple occasions.  However, the preponderance of the credible evidence presented at the hearing reflects that he failed to file any grievances regarding his conditions of confinement.[4]

## II.    CONCLUSIONS OF LAW

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

---

[4] Although William McBroom Stees testified at the hearing the he did fill out grievances while he was at the Maine State Prison, the Court concludes that this testimony is not credible in light of the other testimony and exhibits presented at the Hearing.

such administrative remedies as are available are exhausted." As noted in the Recommended Decision (ECF No. 37), which was subsequently affirmed by this Court (ECF No. 43), a judge may properly receive evidence in order to resolve disputed factual issues regarding the administrative exhaustion requirement under the PLRA. (See Rec. Dec. at 7 n.8.)

Based on the preponderance of the credible evidence presented at the hearing, the Court concludes that administrative remedies were available to Plaintiff and Plaintiff failed to exhaust those available remedies. The Court additionally concludes that Plaintiff was given a copy of the grievance procedures upon arrival at the MSP and was advised of the availability of grievance procedures on other occasions. As a result, he was, at all relevant times, aware of his right to appeal his placement in SMU as well as the other conditions of his confinement at MSP. The Court further concludes that Plaintiff has failed to establish that the available administrative remedies were unavailable to him.

As a result, Defendant has established an affirmative defense to Plaintiff's pending claims; namely, Plaintiff's failure to exhaust available administrative remedies. See 42 U.S.C. § 1997e(a). Therefore, the Court hereby orders that judgment enter in favor of Defendant on Plaintiff's claims.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 13th day of August, 2015.